## Wabash Railroad Company v. George B. Sanders.

1. WATERCOURSES—*Obstructions by Railroads.*—It is the duty of railroad companies, whose roads lead over natural watercourses, to construct substantial and efficient embankments and culverts, so as to admit of the escape of accumulating waters through them in times of high as well as of low water.

2. SAME—*Insufficient Culverts and Embankments—Railroads—Damages.*—The embankments and culverts of a railroad over a watercourse having been washed away, the company rebuilt the culvert, but in a manner insufficient to carry off the water in the time of a freshet, and constructed its embankment out of coal slack. Another freshet having occurred, the culvert was swept away and the coal slack carried down by the waters and deposited upon the adjacent lands, rendering them unfit for tillage. The railroad company was held liable for the damages.

3. NUISANCES—*Damages from—Notice to Abate.*—Where a railroad company, negligently and in violation of the duty imposed upon it by law, builds an insufficient culvert over a watercourse and constructs its embankment out of improper material liable to be washed out and deposited upon the lands of the adjacent owner, such structures are nuisances and the company will be liable for all injuries resulting therefrom. The person injured has a right to recover his damages without notifying the company to abate such nuisance.

4. SAME—*Notice to Abate—Form.*—No particular form of notice to abate a nuisance is required. In cases where such notice is necessary, it is sufficient if the person continuing the nuisance be so far apprised of the injury done and the claim for redress as not to be taken by surprise.

Trespass on the Case.—Obstructing watercourses, etc. Appeal from the Circuit Court of Madison County; the Hon. GEORGE W. WALL, Judge. presiding. Declaration in case; plea of not guilty; trial by jury; verdict and judgment for plaintiff; appeal by defendant. Submitted at the August term, 1894. Affirmed. Opinion filed March 23, 1895.

*Appellee's second instruction:*

The court instructs the jury that although they may believe from the evidence that the road-bed over plaintiff's land was constructed by a company other than the defendant, yet if they further believe from the evidence that after such road came into the possession of the defendant, the culvert and part of the road-bed, as originally built by said other company, was washed out, and that thereafter the defendant rebuilt such culvert and filled in said road-bed, and that in doing so the said culvert and road-bed were so improperly constructed by it that the water was prevented from flowing in its usual course in times of high water, and that thereafter at such times the water was thereby held back until it flowed over said road-bed at the place where it was so constructed by the defendant, and that by reason of such overflowing, coal slack and other similar material used by the defendant in the rebuilding of said road-bed were washed upon the lands of the plaintiff and that his lands or crops were injured thereby, and that such injuries occurred prior to the commencement of this suit, then the jury should find for the plaintiff and assess his damages at whatever sum the evidence may show he has sustained thereby, if any.

APPELLANT'S BRIEF, G. B. BURNETT AND TRAVOUS & WARNOCK, ATTORNEYS.

The liability for obstructions of this kind, if it exists, is a personal one. The erector remains liable notwithstanding the transfer of the land upon which the structure is erected, and this liability is not transferred to his grantee by a conveyance of the land. Eastman v. Amoskeag Manufacturing Co., 44 N. H. 143.

The law is well settled that a purchaser of property upon which a nuisance is erected is not liable for its continuance, unless he has been requested to remove it. The purchaser of property might be subjected to very great injustice if he were made responsible for consequences of which he was ignorant, and for damages which he never intended to occasion. The plaintiff ought not to rest in silence and presently surprise an unsuspecting purchaser by an action for damages, but should be presumed to acquiesce until he re-

quests a removal of the business. Pillsbury v. Moore, 44 Me. 154.

APPELLEE'S BRIEF, HADLEY & BURTON, ATTORNEYS.

It is the right of each proprietor of land upon a natural watercourse to insist that the water shall continue to run as it has been accustomed to do and to insist that no one shall obstruct it injuriously to him without being liable in damages. A railroad company in constructing its road over watercourses must make suitable bridges, culverts, or other provisions for carrying off the water effectually. O. & M. Ry. Co. v. Thillman, 143 Ill. 133.

Public health and convenience as well as the positive law of the State, alike demand that railways leading over natural streams and drains, should by means of efficient and substantial culverts or otherwise, be so constructed as to admit the escape of accumulating waters through them, in times of high water as well as low. When the company commences operating its road without having built such culverts, or provided some other efficient means of escape for the water, is it thereby relieved of the duty of doing so altogether? To say this, is to assert that one may discharge a legal duty by utterly disregarding it, which is simply absurd. To maintain such an embankment is not only a violation of a public duty, but it is a direct invasion of the private rights of the owner of the land thus continually menaced by overflows. O. & M. Ry. Co. v. Wachter, 123 Ill. 440.

The duty of constructing and maintaining proper ditches, culverts and sluice-ways, so as to permit the water to pass through, is a continuing duty. Each overflow upon the land of an adjoining owner, caused by the negligence or want of skill of a railroad company in its mode of constructing or maintaining a bridge or embankment over a running watercourse, creates a new cause of action against the company for injury thereby occasioned. O. & M. v. Thillmann, 143 Ill. 136; C., R. I. & P. R. Co. v. Moffitt, 75 Ill. 524; C., B. & Q. R. R. Co. v. Schaffer, 124 Ill. 124; C. & A. R. R. Co. v. Willi, 53 Ill. App. 603.

MR. JUSTICE GREEN DELIVERED THE OPINION OF THE COURT.

This case is before us and is reported in 47 Ill. App. Rep. 436. It was then averred in the declaration that defendant maintained an insufficient culvert across the arm of a creek, whereby, during a freshet, the coal slack in the railroad embankment on each side of the culvert was carried off and deposited on plaintiff's land, to its great damage. There was no averment as to when, or by what corporation the culvert and embankment were constructed, or that defendant was notified to abate the nuisance. A demurrer was interposed to this declaration in the trial court and was there overruled. The record was brought to this court, and we held that under the rule requiring us to construe the pleading against the pleader, we could not assume that defendant created the nuisance by the construction of the culvert and road in the absence of an averment to that effect, and the court below erred in overruling the demurrer, also holding that the liability of a grantee of land with a nuisance upon it, for maintaining the same, only arises after notice to abate it. The judgment was reversed and the cause remanded to the trial court, where an amended declaration of three counts was filed with proper and sufficient averments to obviate the objections to, and supply the defects in the declaration demurred to. Defendant pleaded the general issue to the amended declaration. The cause was tried by a jury and a verdict returned finding defendant guilty, and assessing plaintiff's damages at $155. Defendant's motion for a new trial was overruled, and judgment was entered on the verdict for the damages assessed and costs of suit. Defendant took this appeal.

The amended declaration in substance charged:

First. That on August 1, 1889, the defendant wrongfully constructed an embankment, or fill, of coal slack, about three feet high, and put an insufficient culvert or sluiceway thereunder; that by reason of the said embankment and said culvert, the waters that naturally flowed to that place were stopped, and because of the insufficiency of the culvert, the road bed, culvert, etc., were washed off the right of way on the land of appellee, and the crops and land ruined.

Second. That after the road-bed as aforesaid had been washed away, the defendant wrongfully and negligently repaired and rebuilt its road-bed, embankment or fill, with coal slack, and put an insufficient culvert thereunder, and thereby the waters were stopped by said embankment, and accumulated and washed away the coal slack, culvert, etc.

Third. That defendant wrongfully maintained an embankment, road-bed or fill, composed of coal slack, with an insufficient culvert or sluiceway thereunder, after the plaintiff had notified the defendant to remove said embankment and culvert, and to properly construct or repair and maintain the same, and after notice and request to abate said nuisance, floods came, and on account of said embankment and said culvert, the waters accumulated and washed away said coal slack and culvert, to the injury of the plaintiff, etc.

An examination of the record satisfies us the proof sustains the verdict. The evidence shows that after defendant had taken the possession and control of said railroad it constructed a portion of the road-bed of coal slack, and under it placed a culvert insufficient to carry off the water in time of a freshet. That it continued to maintain such portion of its road-bed of that material and the culvert in that condition, and thereby the waters that naturally flowed to that place were obstructed and backed up against said road-bed, and on several occasions thereafter, before this suit was commenced, when there were heavy rains and high water, the road-bed ties and rails were washed off and carried out over plaintiff's land, and after each washout, coal slack in large quantities was again used by defendant in constructing the road-bed anew. The coal slack was carried off and deposited to the depth of several inches upon part of plaintiff's land, by repeated overflows, and rendered that part of the land unfit for tillage, and thereby damaged plaintiff the full amount recovered.

This damage resulted from the negligence of defendant in constructing and maintaining its embankment of material liable to be washed out and deposited on plaintiff's land, and a culvert insufficient and inadequate, in violation of the duty

imposed by law, independent of any statute. For injuries resulting from the nuisance so created and maintained by defendant, plaintiff had the right to recover damages, without notifying defendant to abate the nuisance. But it also appears plaintiff did notify defendant's servant of the injurious consequences resulting from the use of coal slack for its roadbed and demanded that defendant should cease to use it for that purpose, and also informed defendant's servant of the insufficiency of the culvert and the reasons why it was insufficient. No particular form of notice to abate a nuisance is required, even in a case where notice is necessary to the maintenance of a suit; but it is sufficient if the person continuing the nuisance be so far apprised of the injury done, and the claim for redress, as not to be taken by surprise. Woodam v. Tufts, 9 N. H. 92, cited in appellant's brief. The second instruction given for plaintiff complained of by appellant's counsel, was right, and the court did not err in giving it.

No error is perceived by us requiring the reversal of the judgment, and it is affirmed.